## MARY C. MEADOWCROFT

*v.*

## D. H. KOCHERSPERGER, County Treasurer, *et al.*

*Opinion filed December 22, 1897.*

1. EQUITY—*one seeking to enjoin assessment as excessive must offer to pay what is due.* A bill in equity to vacate a judgment confirming a special assessment and enjoin the collection of the assessment because it exceeded the amount named in the notice sent by the commissioners, with which amount the complainant was satisfied and therefore allowed judgment by default, is properly dismissed where complainant makes no offer to pay the amount named.

2. SAME—*one must complain in apt time of defects not apparent of record.* A property owner who has notice of a confirmation judgment, fair upon its face, shortly after its entry, will not be permitted to wait until the improvement is completed and then have the judgment vacated in equity and the collection of the assessment enjoined, on the ground that the notice of the assessment sent by the commissioners was for less than the judgment entered, which fact was not apparent of record.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

MAHER & GILBERT, for appellant.

WILLIAM G. BEALE, Corporation Counsel, and WILLIAM H. ARTHUR, Assistant, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed in the Superior Court of Cook county her bill of complaint in this case against the appellees, the county treasurer of said county and the city of Chicago, to vacate and set aside a judgment of the county court confirming a special assessment, and to perpetually enjoin the collection of said assessment upon certain lots owned by her adjacent to Homan avenue, in the city of Chicago, for curbing said avenue with curb-stones and grading and paving the same with asphalt. The sole

ground for relief alleged in the bill was that the notice of the assessment sent to her by mail by the commissioners, and received by her, stated the amount of the assessment to be $374.72 while the amount assessed was $1873.60, and being satisfied with the amount named in the notice, and willing to pay the same, she did not appear and the judgment was taken by default. The Superior Court sustained a demurrer to the bill and dismissed it for want of equity.

The court was right in sustaining the demurrer and dismissing the bill under at least two well established rules of equity. In the first place, complainant did not offer to do equity by paying the amount named in the notice sent to her, to which amount she did not claim that the judgment against her was not equitable. She alleged in her bill that she did not appear because she was willing to pay an assessment of $374.72 named in the notice. If the judgment had been entered for that amount she made no claim that she would not have been bound by it. It is claimed that she is relieved from paying anything because of an averment in her bill that her real estate had not been enhanced in value by the improvement; but that affords no reason for not paying the amount for which she admits the court had a right to enter the judgment. Equity will not grant relief against an assessment unless the complainant pays such portion as is justly due. (1 Pomeroy's Eq. Jur. sec. 393.) In the second place, the judgment of confirmation was entered June 14, 1893, and complainant had notice of it six months afterward, but did nothing to assert any supposed equity until she filed this bill after the county treasurer had applied for judgment against her lands as delinquent, at the July term, 1895. The special assessment was the fund relied upon to pay for the improvement, and it appears from the averment of the bill that the improvement had not enhanced the value of complainant's property, that the work had been completed and the necessary expense incurred. For

aught that appears this work was done after she had notice of the judgment. The record of the judgment was fair on its face, and the city was entitled to rest secure in the belief that it was regular and valid. If it was not so for any reason known to complainant, it would be inequitable to allow her to lie by until the improvement was made and then for the first time make known a defect not apparent in the record.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*